IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA PASADITA RESTAURANT, INC. ) | FILED: JUNE 27, 2008 |
| ) | 08CV3707 |
| PLAINTIFF, ) | JUDGE HIBBLER |
| ) | MAGISTRATE JUDGE COX |
| V. ) | YM |
| ) | |
| TAQUERIA LA PASADITA, LLC, ) | |
| TACOS Y MARISCOS LA PASADITA, ) | |
| INC., AND MARTIN MACHADO, ) | |
| ) | |
| DEFENDANTS. ) | |

### PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff, La Pasadita Restaurant, Inc. ("La Pasadita"), by its attorneys, Locke Lord Bissell & Liddell LLP, respectfully and urgently moves the Court, under Federal Rule of Civil Procedure 65(a), to enjoin Defendants, Taqueria La Pasadita, LLC, Tacos y Mariscos La Pasadita, Inc., and Martin Machado (collectively, "Defendants"), and Defendants' officers, agents, employees, and others in concert with them from operating restaurants in Palatine, Illinois, whose names infringe upon Plaintiff's federally-registered service mark. In support of its motion, La Pasadita states as follows:

### INTRODUCTION

1. La Pasadita owns and operates three restaurants under the mark LA PASADITA on Ashland Avenue in Chicago, Illinois. The restaurants operating under the mark LA PASADITA have served reasonably-priced Mexican food in a casual atmosphere since 1976.

2. In April 2008, La Pasadita became aware of a restaurant operating under the mark TAQUERIA LA PASADITA in Palatine, Illinois, which serves reasonably-priced Mexican food in a casual atmosphere. (*See* Declaration of Rosa Bucio, attached hereto as Exhibit A.) At the same time, La Pasadita learned of the owners' intent to open another restaurant in Palatine,

Illinois, under the mark TACOS Y MARISCOS LA PASADITA. *Id.* The promotional materials associated with Tacos y Mariscos La Pasadita indicate that the grand opening of this restaurant was scheduled for April 25, 2008.

3. Several of La Pasadita's customers expressed to Plaintiff a belief that the Palatine restaurants are affiliated with the LA PASADITA restaurants. (Ex. A.)

4. On April 3, 2008, Plaintiff sent a letter to Defendants, demanding they cease and desist from using the TAQUERIA LA PASADITA and TACOS Y MARISCOS LA PASADITA marks. On April 5, 2008, Defendants issued a response, indicating an intent to cease using the name "La Pasadita" in connection with their restaurants.

5. Plaintiff subsequently learned that Defendants changed the name of their Palatine restaurants to "La Pasada Taqueria," which is also confusingly similar to Plaintiff's LA PASADITA mark. On April 24, 2008, Plaintiff wrote to Defendants, objecting to Defendants' proposed use of the mark LA PASADA TAQUERIA, and requesting that Defendants cease such use.

6. Defedants have not formally responded to Plaintiff's April 24 letter, but have indicated that they do not believe that the mark LA PASADA TAQUERIA is confusingly similar to the LA PASADITA mark, and have stated that they do not believe that they are required to change the name of their restaurants.

## PARTIES AND JURISDICTION

7. La Pasadita has today filed its Complaint. La Pasadita's Memorandum of Law in Support of this Motion is submitted herewith. In support of this Motion, La Pasadita attaches the Declaration of Rosa Bucio, an officer of La Pasadita, as Exhibit A.

8. La Pasadita is an Illinois corporation with its primary location in Chicago, Illinois. It is doing business in this District by the provision of restaurant services.

9.     On information and belief, Taqueria La Pasadita LLC is an Illinois limited liability company which formerly operated a restaurant under the TAQUERIA LA PASADITA mark in Palatine, Illinois.  On information and belief, Tacos y Mariscos La Pasadita, Inc. is an Illinois corporation, with a registered agent located in Bensenville, Illinois.  On information and belief, Tacos y Mariscos La Pasadita, Inc. intended to operate or actually operated a restaurant under the TACOS Y MARISCOS LA PASADITA mark.  On information and belief, the restaurants formerly known as TAQUERIA LA PASADITA and TACOS Y MARISCOS LA PASADITA now operate under the mark LA PASADA TAQUERIA.

10.    On information and belief, Martin Machado is a principal of both Taqueria La Pasadita, LLC and Tacos y Mariscos La Pasadita, Inc., and personally took part in activities connected to the use of the TAQUERIA LA PASADITA, TACOS Y MARISCOS LA PASADITA, and LA PASADA TAQUERIA marks, including but not limited to the decision to adopt the TAQUERIA LA PASADITA, TACOS Y MARISCOS LA PASADITA, and LA PASADA TAQUERIA marks and the implementation of that decision in the business activities of Taqueria La Pasadita, LLC and Tacos y Mariscos La Pasadita, Inc.

11.    This Court has subject matter jurisdiction over the controversies between the parties under 28 U.S.C. §§ 1331 and 1338, and the Lanham Act, 15 U.S.C. §§ 1121 and 1125.  This Court has pendent jurisdiction over the related state law claims under 28 U.S.C. §§ 1338(b) and 1367.

12.    This Court has personal jurisdiction over Taqueria La Pasadita LLC because it is registered to do business in Illinois, transacts business in Illinois, and is committing tortious acts in Illinois.  This Court has personal jurisdiction over Tacos Y Mariscos La Pasadita, Inc. because it is incorporated in Illinois and transacts business in Illinois.  The harm caused by Taqueria La

Pasadita LLC and Tacos Y Mariscos La Pasadita, Inc. are felt by La Pasadita in Illinois. The Court has personal jurisdiction over Martin Machado because, on information and belief, he does business in Illinois and is committing tortious acts in Illinois.

13. Venue is proper under 28 U.S.C. § 1391, as Defendants have committed acts in this District of trademark infringement and other acts of unfair competition as are alleged in the Complaint filed in this case.

### BASES FOR RELIEF

14. La Pasadita has no adequate remedy at law because the LA PASADITA mark is unique to La Pasadita and represents to the public La Pasadita's identity, reputation and goodwill, such that monetary damages cannot fully compensate La Pasadita for Defendants' misconduct.

15. La Pasadita will suffer irreparable harm if a preliminary injunction is not granted. If Defendants continue to operate a restaurant under the LA PASADA TAQUERIA mark, La Pasadita will continue to lose incalculable goodwill.

16. La Pasadita can demonstrate a likelihood of success on the merits. La Pasadita has the exclusive right to its federally-registered service mark in connection with restaurant services, and has built significant and valuable goodwill in that mark. Defendants are knowingly using confusingly similar versions of La Pasadita's mark for an improper purpose, and Defendants' conduct has already created actual confusion in the marketplace.

17. The balance of harms greatly favors La Pasadita over Defendants. Defendants' willful infringement has caused actual customer confusion, resulting in immediate, pervasive, and irreversible harm to La Pasadita. Whatever minimal costs Defendants would be forced to incur in order to change the name of their restaurants (one of which has either not yet opened or has been open for only a brief period) are clearly outweighed by the substantial harm that would

be suffered by La Pasadita were Defendants permitted to continue operation of their restaurants under names that are confusingly similar to La Pasadita.

18.     The public has an interest in having La Pasadita's name and service mark respected by others to avoid public confusion, and thus injunctive relief is warranted.

### RELIEF SOUGHT

WHEREFORE, La Pasadita Restaurant, Inc. prays that its motion be granted and that this Court enter an order:

(a)     Preliminarily enjoining Defendants and their officers, agents, employees, and others in concert with them using the marks LA PASADITA, TAQUERIA LA PASADITA , TACOS Y MARISCOS LA PASADITA, LA PASADA TAQUERIA, and any confusingly similar derivation thereof, in the form attached hereto as Exhibit B and incorporated by reference herein;

(b)     Providing such other and further relief as this Court deems appropriate.

DATED this 27th day of June, 2008.

                                    Respectfully submitted,

                                    LA PASADITA RESTAURANT, INC.

                                    By: s/ Margaret M. Schuchardt
                                         One of its Attorneys

Matthew T. Furton
Margaret M. Schuchardt
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL  60606
312/443-0445 (MTF)
312/443-6445 (fax)
Attorney for Plaintiff La Pasadita Restaurant, Inc.

## CERTIFICATE OF SERVICE

A true copy of the foregoing **PLAINTFF'S MOTION FOR A PRELIMINARY INJUNCTION**, is being personally served on Defendant Maetin Machado, an on the Registered Agent of Defendants Taqueria La Pasadita LLC and Tacos Y Mariscos La Pasadita, Inc., this 27th day of June, 2008, addressed as follows:

Taqueria La Pasadita, LLC
Tacos Y Mariscos La Pasadita, Inc.
c/o Enrique Garcia
119 W. Main
Bensenville, IL 60106

Martin Machado
La Pasada Taqueria
408 East Palatine Road
Palatine, IL 60074

s/ Margaret M. Schuchardt
Counsel for Plaintiff

# EXHIBIT A

### Declaration of Rosa Bucio

```
08CV3707
JUDGE HIBBLER
MAGISTRATE JUDGE COX
YM
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA PASADITA RESTAURANT, INC. | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) |
| TAQUERIA LA PASADITA, LLC, | ) |
| TACOS Y MARISCOS LA PASADITA, | ) |
| INC., | ) |
| | ) |
| DEFENDANTS. | ) |

### DECLARATION OF ROSA BUCIO

1. I am over the age of 18 and a resident of Illinois.

2. I am an officer of La Pasadita Restaurant, Inc. ("La Pasadita"), and have personal knowledge of the facts set forth herein, and am competent to testify to same.

3. In late March, 2008, certain officers and employees of La Pasadita, including David and Rene Espinoza, were approached by customers of La Pasadita, who expressed a belief that La Pasadita opened a new location in the Palatine area.

4. On April 2, 2008, at my direction, two employees of La Pasadita traveled to 408 East Palatine Road, and discovered a restaurant named Taqueria La Pasadita operating at that location.

5. During this visit to the location at 408 East Palatine Road, the La Pasadita employees obtained flyers containing advertisements for Taqueria La Pasadita. They also obtained flyers at that same location advertising the grand opening of a restaurant named Tacos y Mariscos La Pasadita at 1572 Rand Road, Palatine, Illinois.

6. Upon returning from Palatine, the La Pasadita employees informed me of their visit to Taqueria La Pasadita and their conversation with the owner, and provided me with the

flyers they obtained. Shortly thereafter, I telephoned the owner of Taqueria La Pasadita, informing him that the operation of restaurants under the names Taqueria La Pasadita and Tacos y Mariscos La Pasadita constituted a violation of La Pasadita's trademark rights. The owner expressed a belief that he was entitled to use the marks because his company is licensed and registered to do business in Illinois, and because the addition of the word "taqueria" in the Taqueria La Pasadita mark rendered the name sufficiently distinct from La Pasadita.

7.　　Subsequent to April 2, 2008, Rene and David Espinoza and other La Pasadita employees were further approached by customers of La Pasadita, who expressed a belief that Taqueria La Pasadita is affiliated with La Pasadita.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED this 26th day of June, 2008

Rosa Bucio

**EXHIBIT B**
**Proposed Preliminary Injunction**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LA PASADITA RESTAURANT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAQUERIA LA PASADITA, LLC, | ) |
| TACOS Y MARISCOS LA PASADITA, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

[PLAINTIFF'S PROPOSED]
PRELIMINARY INJUNCTION

Upon Motion of Plaintiff La Pasadita Restaurant, Inc. ("La Pasadita") for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a), this Court having reviewed the same and attached Declaration of Rosa Bucio, and La Pasadita's Supporting Memorandum of Law, and the Complaint in this matter, and having heard the argument of counsel for La Pasadita, and because Defendants Taqueria La Pasadita, LLC, Tacos Y Mariscos La Pasadita, Inc., and Martin Machado ("Defendants") have been notified of the Complaint and of this Motion, this Court finds as follows:

1. La Pasadita has demonstrated that there is a substantial likelihood that it will prevail on the merits of its Complaint for, *inter alia,* trademark infringement and unfair competition.

2. It appears to this Court that La Pasadita's name and service mark are being impermissibly used by Defendants in connection with the restaurant La Pasadita Taqueria.

3. La Pasadita has also demonstrated that it has no adequate remedy at law and that it will suffer irreparable harm if a temporary restraining order is not promptly entered.

4. The irreparable harm that La Pasadita will suffer in the absence of injunctive relief is far greater than the harm Defendants will suffer if the relief is granted.

5. The pubic interest will not be adversely affected by the entering of immediate injunctive relief.

6. This Court has subject matter jurisdiction over the controversies between the parties under 28 U.S.C. §§ 1331 and 1338, since they involve questions arising under the statutes of the United States including the Lanham Act, 15 U.S.C. § 1125. This Court also has personal jurisdiction over Defendants because Defendants are registered to business in Illinois, are doing business in Illinois, and their actions are causing or will cause harm suffered in Illinois. This Court has pendent jurisdiction over the related state law claims under 28 U.S.C. §§ 1338(b) and 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391.

8. Defendants have been given notice of the Complaint and of this Motion and this hearing, and under the circumstances it appears no other notice need be given.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

A. Defendants and their officers, agents, employees, and all those acting in concert or cooperation with them who receive notice of this Order are immediately enjoined from using La Pasadita's name and service mark, alone or in combination with other words, as well as the marks TAQUERIA LA PASADITA, TACOS Y MARISCOS LA PASADITA, and LA PASADA TAQUERIA, in Defendants' operation of restaurants, and in their marketing, advertising, and in any other way in connection with the conduct of their businesses and activities;

B.  Pursuant to 15 U.S.C. § 1116(a), Defendants shall file with the Court and serve on Plaintiff's counsel within ten days after service on Defendants of this Order, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with terms of this Order;

C.  Pursuant to Rule 65(c), La Pasadita shall deposit with the Registry of the Court within five business days of entry of this Order a bond or other suitable security in the amount of $1,000;

D.  This Order shall be served upon Defendants (which shall constitute service upon Defendant's officers, directors, agents, servants, employees, and attorneys) and on such other parties as La Pasadita deems necessary or appropriate, by personal service on Defendants' registered agent, Enrique Garcia, 119 W. Main, Bensenville, IL 60106;

E.  Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

DATED this _____ day of _____ 2008.

_____
United States District Judge

3