IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LA PASADITA RESTAURANT, INC.**  )<br>  )<br>**PLAINTIFF,**  )<br>  )<br>V.  )<br>  )<br>**TAQUERIA LA PASADITA, LLC,**  )<br>**TACOS Y MARISCOS LA PASADITA,**  )<br>**INC., AND MARTIN MACHADO,**  )<br>  )<br>**DEFENDANTS.**  ) | FILED: JUNE 27, 2008<br>08CV3707<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE COX<br>YM |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR A PRELIMINARY INJUNCTION**

Plaintiff La Pasadita Restaurant, Inc. ("La Pasadita") has moved for entry of a Preliminary Injunction to stop Defendants Taqueria La Pasadita, LLC, Tacos y Mariscos La Pasadita, Inc., and Martin Machado (collectively, "Defendants"), from continuing to violate La Pasadita's trademark and other rights. For over thirty years, La Pasadita has owned and operated highly successful restaurants serving high-quality, low-priced Mexican food under the LA PASADITA mark. Defendants opened a Mexican restaurant in Palatine, Illinois, utilizing a confusingly and deceptively similar name, La Pasada Taqueria, in an effort to trade on and profit from the reputation built by La Pasadita. Defendants have also evidenced an intent to open a second restaurant, with a similarly infringing name, Tacos y Mariscos La Pasadita. Although Defendants expressed a willingness to change the names of their restaurants, they chose the name "La Pasada Taqueria," which is also confusingly similar to and infringing upon Plaintiff's mark. The harm being caused by Defendants' conduct is immediate and irreparable, and if Defendants' misconduct is not stopped, La Pasadita will continue to suffer significant harm to its reputation and goodwill. La Pasadita therefore requests that this Court grant its Motion for a Preliminary Injunction to protect Plaintiff's intellectual property rights and prevent Defendants

from continuing their willful infringement of those rights. In support of its Motion, La Pasadita respectfully submits the following Memorandum of Law.

## THE FACTUAL BACKGROUND

La Pasadita opened its first restaurant in 1976 on Ashland Avenue in Chicago, serving reasonably-priced Mexican food in a casual atmosphere. Since that time, La Pasadita has opened two additional restaurants under the LA PASADITA mark, also on Ashland Avenue. The La Pasadita restaurants have been very successful, and the LA PASADITA mark has become synonymous in the Chicagoland area with high-quality, low-priced Mexican food, particularly tacos and burritos. La Pasadita's reputation is evidenced by the favorable reviews of the La Pasadita restaurants in the local press, including Chicago magazine and on the local television show "Check, Please." (*See* Exhibits B and C to Complaint). La Pasadita obtained federal registration for the LA PASADITA mark in October 2004. (*See* Registration attached to Complaint as Exhibit A)

In early April 2008, La Pasadita discovered that Defendants were operating a restaurant named Taqueria La Pasadita in Palatine, Illinois, which offered reasonably-priced Mexican food in a casual atmosphere. At the same time, La Pasadita learned that Defendants planned to open a second restaurant named Tacos y Mariscos La Pasadita, also in Palatine, on or around April 25, 2008. On the day that La Pasadita learned of the existence of Taqueria La Pasadita and the pending opening of Tacos y Mariscos La Pasadita, La Pasadita verbally informed Defendants of the infringing nature of their activities, and shortly thereafter sent Defendants a cease-and-desist letter again asserting La Pasadita's rights. (*See* Exhibit E to Complaint.)

Defendants responded to Plaintiff's cease and desist letter by letter dated April 5, 2008. (*See* Exhibit F to Complaint.) The letter acknowledged the conflict between the "La Pasadita"

2

and "Taqueria La Pasadita" names, and stated an intent to cease use of the term "La Pasadita" in connection with their restaurants.

In a phone conversation with counsel for Plaintiff on April 15, 2008, Defendant's representative, Martin Machado, represented that he had altered the signs of his restaurant to read "La Pasada Taqueria." On April 24, 2008, Plaintiff sent a letter to Defendants requesting that Defendants cease and desist use of the confusingly similar name "La Pasada Taqueria." (*See* Exhibit H to Complaint.) Defendants have not formally responded to the letter, although Defendant Machado has indicated his belief that the LA PASADA TAQUERIA mark is not confusingly similar to the LA PASADITA mark.

Defendants continue to profit from La Pasadita's name and reputation, causing immediate and irreparable damage to La Pasadita. Defendants' actions have caused, and are continuing to cause, actual confusion among La Pasadita's customers. Without a preliminary injunction issued from this Court, the damage to La Pasadita, its reputation, and its goodwill, and to the customers being deceived by Defendants, will mount and intensify.

## ARGUMENT

The Lanham Act, 15 U.S.C. § 1116(a), empowers this Court with jurisdiction and authority to grant injunctions according to the principles of equity and upon such terms as the Court may deem reasonable, to prevent violation of the right of an owner of a mark under applicable federal trademark law. The Illinois Deceptive Trade Practices Act, 815 ILCS § 510/3, empowers this Court with authority to grant injunctions according to the principles of equity and upon such terms as the Court may deem reasonable, to prevent deceptive trade practices.

A party seeking to obtain a preliminary injunction must demonstrate that (1) it has a reasonable likelihood of success on the merits of the underlying claim, (2) no adequate remedy at

law exists, (3) it will suffer irreparable harm which, absent injunctive relief, outweighs the harm the respondent will suffer if the preliminary injunction is granted, and (4) the injunction will not harm the public. *See, e.g., Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002); *Platinum Home Mortgage Corp. v. Platinum Financial Group Inc.,* 149 F.3d 722, 726 (7th Cir. 1998); *Abbott Labs v. Mead Johnson & Co.,* 971 F.2d 6, 11-12 (7th Cir. 1992). As discussed in detail below, La Pasadita's claim satisfies all of these criteria.

### A.  LA PASADITA HAS A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS OF ITS CLAIMS

La Pasadita must demonstrate, in order to establish a likelihood of success on the merits of its trademark and unfair competition claims,[1] that it has a valid and legally protected mark and that there is a likelihood of confusion as to the origin of Defendant's products and services. *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 897 (7th Cir. 2001); *Platinum Home Mortgage Corp.,* 149 F.3d at 726. Regarding the first prong, the federal registration of the LA PASADITA mark is prima facie evidence of its validity and of La Pasadita's exclusive right to use the mark in commerce. *See* 15 U.S.C. § 1115(a); *CAE, Inc. v. Clean Air Engineering, Inc.,* 267 F.3d 660, 673 (7th Cir. 2001).

Under the second prong of the analysis, to determining whether a likelihood of confusion exists, courts consider the following factors: (1) the similarity of the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be used by consumers; (5) the strength of the plaintiff's mark; (6) whether any actual confusion exists; and (7) the defendant's intent to palm off its goods as those of the plaintiff. *Ty, Inc.,* 237 F.3d at 897. The similarity of the marks, the intent of the

---

[1] Plaintiff's claims based upon the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and common law unfair competition claims are subject to the same analysis. *See, e.g., Lorillard Tobacco Co. v. A & E Oil, Inc.,* 2006 WL 1430774, at *3 (N.D. Ill. 2006); *Super Wash, Inc. v. Sterling,* 2006 WL 533363, at *2.

4

defendant, and evidence of actual confusion are the "most important factors in a likelihood of confusion case." *Id.* (Citation omitted).

Defendants' use of the La Pasadita name is highly likely to cause, and already has caused, confusion in the marketplace. First, the marks at issue - LA PASADITA, on the one hand, and TAQUERIA LA PASADITA and TACOS Y MARISCOS LA PASADITA on the other, are strikingly similar; in fact, the dominant portion of the marks - PASADITA - is identical. To the extent that Defendants changed the restaurant name to "La Pasada Taqueria," the dominant portions of the marks - PASADITA and PASADA - are highly similar in pronunciation and meaning[2], with a difference of only two letters between them. *See Kookai, S.A. v. Shabo*, 950 F. Supp. 605, 607 (S.D.N.Y. 1997) (finding that "Kikai" and "Kookai" marks were confusingly similar because, *inter alia*, "the names are pronounced almost identically, with only a single vowel change between the two 'K''s distinguishing them.") The fact that Defendants' marks incorporate additional, generic words such as "taqueria," or "tacos" and "mariscos"[3] does little affect the similarity of the marks, particularly where, as here, the generic terms are descriptive of the services provided under both marks. *See, e.g., A.C. Legg Packing Co. v. Olde Plantation Spice Co.*, 61 F. Supp. 2d 426, 431 (D. Md. 1999) (giving a generic word "little weight" in the similarity analysis, "particularly since the word simply identifies the goods sold by both parties.") The generic nature of the words utilized in Defendants' marks and their applicability to Plaintiff's and Defendants' services is demonstrated by the fact that La Pasadita has often used the words "taqueria" and "tacos" in its own advertisements. (*See* advertisement attached as Exhibit A.)

---

[2] The English translation of the words "la pasadita" is "the little passage." (*see* Exhibit A to Complaint.) "Pasadita" is the diminutive form of the word "pasada," which means "pass" (although it can also mean former, prior, or last in certain contexts.) See http://www.spanishdict.com/translate/pasada.
[3] The word "taqueria" refers to a "taco bar" or "taco restaurant" (*see* http://www.spanishdict.com/translate/Taqueria) The word "mariscos" in English means "seafood." *See* http://www.spanishdict.com/translate/mariscos.

5

Defendants used the TAQUERIA LA PASADITA, TACOS Y MARISCOS LA PASADITA, and LA PASADA TAQUERIA marks in connection with Mexican restaurant services that are similar, if not identical, to the restaurant services La Pasadita provides. Both Plaintiff and Defendant provide these services in the Chicagoland area. The overlap between the customer bases of the Plaintiff and the Defendants is evidenced by the number of customers that are aware of both restaurants and believed that the Defendants' restaurants are affiliated with Plaintiff's. (Bucio Decl.) The identity of the marks and the overlapping geographic area and customer base, along with Defedants' constructive and actual notice of La Pasadita's federally-registered mark indicate an intentional, willful effort by Defendants to capitalize on La Pasadita's reputation and good will.

As noted above, Defendants' use of the TAQUERIA LA PASADITA and TACOS Y MARISCOS LA PASADITA marks has caused actual confusion among La Pasadita's customers. (Bucio Decl.) Defendants' subsequent commencement of the use of the LA PASADA TAQUERIA mark will cause further confusion among La Pasadita's customers and perpetuate the mistaken belief in the marketplace that Defendants' restaurants are affiliated with La Pasadita. These facts together demonstrate a reasonable likelihood of success on the merits of La Pasadita's trademark, unfair competition, and deceptive trade practices claims.

**B.   THERE IS IRREPARABLE HARM AND NO ADEQUATE LEGAL REMEDY**

It is well-established that "injuries arising from Lanham Act violations are presumed to be irreparable, even if the plaintiff fails to demonstrate a business loss." *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002); *accord Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000). Because damages associated with loss of goodwill are difficult to quantify, no adequate remedy at law exists. *Promatek Indus.*, 300 F.3d at 813. The presumption of irreparability is justified here. While Defendants persist in operating a restaurant

6

with a name confusingly similar to La Pasadita's, Plaintiff is powerless to control the nature and quality of Defendants' services, which will ultimately be affiliated with Plaintiff in the minds of consumers. This inability to control the quality of the infringing services is "[t]he most corrosive and irreparable harm attributable to trademark infringement..." *Storck U.S.A., L.P. v. Farley Candy Co., Inc.*, 797 F. Supp. 1399, 1412 (N.D. Ill. 1992). As Defendants' conduct persists, La Pasadita risks immeasurable damage to the reputation it has cultivated over the last thirty years, and therefore La Pasadita has no adequate remedy at law.

### C. THE BALANCE OF HARMS AND THE PUBLIC INTEREST WEIGH IN FAVOR OF LA PASADITA

In trademark infringement cases, "the relevant consideration in determining whether the public interest will be disserved by the grant of an injunction is the consumer's interest in not being deceived about the products they purchase." *Platinum Home Mortgage Corp.*, 149 F.3d at 734 (7th Cir. 1998). As courts in this District have observed, consumers are "better off when they know what they are buying and who is the manufacturer of the product." *Accurate Leather & Novelty Co. v. LTD Commodities, Inc.*, No. 90 C 6304, 1990 U.S. Dist. LEXIS 16706, at *11 (N.D. Ill. Dec. 7, 1990). Clearly the confusion caused by Defendants' adoption of the TAQUERIA LA PASADITA, TACOS Y MARISCOS LA PASADITA and LA PASADA TAQUERIA marks is contrary to the public's interest in an absence of deception in the marketplace.

Further, the potential and actual harm to La Pasadita outweighs any threatened harm to Defendants if an injunction issues. La Pasadita has spent thirty years building a favorable reputation in the marketplace, and has created an extremely valuable amount of goodwill for its business. The harm to La Pasadita resulting from Defendants' infringement is therefore substantial. Conversely, any harm that may befall Defendants is minimal. The terms of the

7

proposed restraining order are reasonable - La Pasadita does not seek to close Defendants' businesses, or do any more than is necessary to end further infringement of its mark. Notably, one of Defendants' restaurants only recently opened for business, and any financial cost to Defendant associated with changing the name of this restaurant is minimal. Thus any harm that Defendants would suffer in refraining from using La Pasadita's name and mark is greatly outweighed by the harm caused to La Pasadita.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff La Pasadita Restaurants, Inc. respectfully requests that the Court immediately grant its Motion for a Preliminary Injunction against Defendants Taqueria La Pasadita, LLC, Tacos y Mariscos La Pasadita, Inc., and Martin Machado. A Proposed Order is submitted with the Motion.

DATED this 27th day of June, 2008

Respectfully submitted,

LA PASADITA RESTAURANT, INC.


By:  s/ Margaret M. Schuchardt
     One of its Attorneys

Matthew T. Furton
Margaret M. Schuchardt
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL  60606
312/443-0445 (MTF)
312/443-6445 (fax)
Attorney for Plaintiff La Pasadita Restaurant, Inc.

## CERTIFICATE OF SERVICE

A true copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTFF'S MOTION FOR A PRELIMINARY INJUNCTION**, is being personally served on Defendant Maetin Machado, an on the Registered Agent of Defendants Taqueria La Pasadita LLC and Tacos Y Mariscos La Pasadita, Inc., this 27th day of June, 2008, addressed as follows:

Taqueria La Pasadita, LLC
Tacos Y Mariscos La Pasadita, Inc.
c/o Enrique Garcia
119 W. Main
Bensenville, IL 60106

Martin Machado
La Pasada Taqueria
408 East Palatine Road
Palatine, IL 60074

                                                          s/ Margaret M. Schuchardt
                                                          Counsel for Plaintiff

```
08CV3707
JUDGE HIBBLER
MAGISTRATE JUDGE COX
YM
```

# Exhibit A

