IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LaPASADITA RESTAURANT, INC., )
)
    Plaintiff, ) No. 08 CV 3707
)
    -vs- )
)
TAQUERIA LA PASADITA, LLC., )
TACOS Y MARISCOS LA PASADITA, )
INC., and MARTIN MACHADO, )
)
    Defendants. )

**FILED**
AUG 18 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE HIBBLER

## ANSWER TO COMPLAINT

NOW COMES your Defendants, TAQUERIA LA PASADITA, LLC., TACOS Y MARISCOS LA PASADITA, INC., and MARTIN MACHADO, (hereinafter referred to as Defendants), by and through their attorney, EDWARD A. VILLADONGA, of the Law Firm of EDWARD A. VILLADONGA, P.C., and Answer the Complaint and states as follows:

## NATURE OF DISPUTE

1. At the present time there is no dispute since the Defendants have changed the name of their business which does not violate;

    a) Federal Trademark infringement under the Lanham Act;
    b) Does not violate the Federal unfair competition under the Lanham Act;
    c) Does not violate the Common Law of unfair competition;
    d) Does not violate the Illinois Deceptive Trade Practices Act;

Further, the Defendant's acts never caused any confusion among consumers because the business is in Palatine, Illinois and the Plaintiff's business is in Chicago, Illinois.

### PARTIES AND JURISDICTION

2. The Defendant has no knowledge as to the allegations in Paragraph 2.

3. The Defendant admits it operates under an LLC, but states the new name is La Presa and it does operate at 408 East Palatine Road, Palatine, Illinois.

4. At the present time the Defendants do not operate under the name of Tacos Y Mariscos La Pasadita, Inc.

5. The Defendants admit that Martin Machado took part in the activities of the restaurant, but realleges Paragraph 4 above, that the name is now changed to La Presa.

6. The Defendant's admit the allegations of Paragraph 6.

### PLAINTIFF'S BUSINESS AND SERVICE MARK

7 - 17. The Defendant's have no knowledge of any of the allegations contained in Paragraphs 7 through 17 of Plaintiff's complaint and demand strict proof thereof.

### DEFENDANT'S BUSINESS AND INFRINGEMENT

18. The Defendant admits the allegations contained in Paragraph 18.

19. The Defendant admits that in 2007, Defendant started using the name of Taqueria La Pasadita at 408 East Palatine Road, Palatine, Illinois.

20. The Defendants have no knowledge of the allegations contained in Paragraph 20.

21. The Defendant's admit that they have received Exhibit "E" to Plaintiff's Complaint.

22. The Defendant's admit the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendant's admit the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendant did in fact change the name of the restaurants to La Pasada which they in Good Faith believed posed no trademark infringement.

25. The Defendant denies that the name of La Pasada was confusingly similar.

26. The Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The Defendant denies any willful attempt to appropriate the value of the trademark name of the Plaintiff's.

28. The Defendant admits the allegations contained in Paragraph 28 of the Plaintiff's complaint.

29. The Defendants deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. The Defendant's never sought to attract customers of La Pasada since again the restaurants are in different cities.

31. The Defendants deny they had any knowledge of the trademark name of La Pasada when they adopted their name. Further, the Defendant's never acted willfully or intentionally to confuse or deceive the consuming public.

32. The Defendant's deny any confusion since the restaurants are in different cities and have a different customer base.

33. The Defendant's deny the plaintiff has suffered substantial damages or irreparable injury.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

34. Your Defendant's deny that it violated Section 32(1) of the Lanham Act, 25 U.S.C. 1114(1). And the Defendant realleges and restates their answers in Paragraphs 1 through 33 as their answer to this paragraph 34.

35. The Defendant denies that the short time it used the name of La Pasada caused any confusion, mistake or deception to the public.

36. The Defendant denies that it willfully and intentionally infringed upon the rights of LaPasidita.

37. The Defendant denies that the infringement occurred in interstate commerce. Both restaurants operate in intrastate commerce.

## COUNT II
### FEDERAL UNFAIR COMPETITION

38. Your Defendants restate and reallege the allegations of Paragraph 1 through 33 as and for their answer to Paragraph 38.

39. The Defendant's mistaken use of the name of "La Pasadita" did not deceive, confuse or mislead any members of the public and did not violate the Lanham Act.

40. The Defendant's acts did not occur in interstate commerce and did not cause irreparable injury to the Plaintiff's.

## COUNT III
### COMMON LAW UNFAIR COMPETITION

41. The Defendant's restate and reallege Paragraphs 1 - 33 as and for their answer to Paragraph 41 of the Plaintiff's Complaint.

42. The Defendant's unintentional and short terms use of the Plaintiff's name did not confuse, or deceive the consuming public and did not violate the act of unfair competition.

43. The Defendant's acts have not caused irreparable injury to the Plaintiff.

## COUNT IV
### ILLINOIS DECEPTIVE TRADE PRACTICE ACT

44. The Defendant's restate and reallege their Answers to Paragraph 1 - 33 of their Answer to this Paragraph 44.

45. The Defendant's unintentional and short term use of the Plaintiff's name was not willfully misleading and confusing to the consuming public.

46. The Defendant's unintentional and short term use of the Plaintiff's name did not cause confusion or misunderstanding of the Plaintiff's customers.

47. The Defendant's use of the Plaintiff's name did not cause confusion or misunderstanding as to the affiliation, connection, and association to the Plaintiff.

48. The Defendant's act have not caused confusion among the Plaintiff's customers and have not violated the Illinois Deceptive Trade Practices Act. 815 ILCS 510/1 et seq.

49. The Defendant's have ceased to use the name of the Plaintiff.

**PRAYER FOR RELIEF**

Wherefore your Defendant's prays as follows:

1. *Injunction:*   That your Defendant's have changed their name to LaPresa with the Plaintiff's Consent and there presently exists no trademark violation;

    a. That your Defendant's restate and reallege their answer in Paragraph 1, Injunction as their answer to this subparagraph a.

    b. That your Defendant's restate and reallege their answer in Paragraph 1, Injunction as their answer to this subparagraph b.

    c. That your Defendant's restate and reallege their answer in Paragraph 1, Injunction as their answer to the subparagraph c.

2. *Compensatory Damages:*   Your Defendant's deny that the Plaintiff has suffered any damages as a result of their conduct.  The Defendant did not receive any benefits from the trademark name.

3. *Disgorgement of Profits:*   Your Defendant's did not receive any profits from the acts described herein.

4. *Compliance Report:*   The Defendant's have completely complied with the changing of all signs, menus of their business and did further comply with the requests of the Plaintiff in all other changes.

4. *Attorney's Fees:*   The Plaintiff is not entitled to attorney's fees in this matter as the Plaintiff has not shown any aggravating or exceptional circumstances to warrant attorney's fees.

5. *Treble Damages:*   The Plaintiff has not suffered any damages for damages are not appropriate in this case.

6. *Other Equitable Relief:* The Plaintiff is not entitled to other equitable relief since all matters in controversy have been resolved.

Respectfully submitted,

By: Edward A. Villadonga
Attorney for Defendants

EDWARD A. VILLADONGA, P.C.
720 North River Road
Mount Prospect, Illinois  60056
(847) 298-5740
26659